UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAVETA C.,[1] | : | Case No. 1:22-cv-246 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ENTRY

Plaintiff Laveta C. brings this case challenging the Social Security Administration's partially favorable decision of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #12), and the administrative record (Doc. #8).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on March 7, 2019, alleging disability due to several impairments, including slipped cervical disk, hip pain, personality disorder, anxiety, depression, heart blockage, hyperlipidemia, thyroid adenoma, hypothyroid, dyspareunia, hypotension, endometriosis, abdominal pain, acid reflux, and cervical radiculopathy. After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Jennifer Smiley. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since December 27, 2018, the amended alleged onset date.

Step 2: Since the amended alleged onset date of disability, Plaintiff has had the following severe impairments: degenerative disc disease, degenerative joint disease, osteoarthritis of the right hip, depression, anxiety disorder, and substance abuse disorder.

Step 3: Since December 17, 2018, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Since December 17, 2018, her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except that she is limited to occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; and occasional kneeling, crouching, and crawling. She must avoid concentrated exposure to pulmonary irritants, including dust, fumes, and odors. She must avoid all exposure to workplace hazards, including unprotected heights, moving mechanical parts, and

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

      operating motor vehicles. She can tolerate occasional changes in a routine work setting, occasional interaction with supervisors and coworkers, and no interaction with the public."

      Since December 17, 2018, Plaintiff has been unable to perform past relevant work.

Step 5:  Prior to November 9, 2020, the date Plaintiff's age category[3] changed, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

      Beginning on November 9, 2020, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform.

(Doc. #8-2, *PageID* #s 44-55). Based on these findings, the ALJ concluded that Plaintiff was not disabled prior to November 9, 2020, but became disabled on that date. *Id.* at 55-56.

  The evidence of record is adequately summarized in the ALJ's decision (Doc. #8-2, *PageID* #s 41-56), Plaintiff's Statement of Errors (Doc. #10), and the Commissioner's Memorandum in Opposition (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.**  <u>**Standard of Review**</u>

  Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial

---

[3] At the time of Plaintiff's amended alleged onset date, Plaintiff was a "person closely approaching advanced age." 20 C.F.R. § 404.1563(d). On November 9, 2020, Plaintiff's age category changed to a "person of advanced age." 20 C.F.R. § 404.1563(e).

evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.    Discussion

Plaintiff contends that the ALJ erred at Step Two of her analysis by failing to classify her fibromyalgia as a medically determinable impairment. (Doc. #10, *PageID* #s 1066-70). Additionally, she argues that the ALJ's RFC determination is not supported by substantial evidence because it does not adequately account for Plaintiff's mental limitations or her use of an assistive device. *Id.* at 1070-76. The Commissioner maintains that the ALJ was not required to classify fibromyalgia as a medically determinable impairment and substantial evidence supports the ALJ's RFC finding. (Doc. #12, *PageID* #s 1085-98).

#### A.    Residual Functional Capacity

Plaintiff asserts that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to account for all of her mental limitations. (Doc. #10, *PageID* #s 1071-

74). Specifically, Plaintiff argues that the "medical opinions and the evidence of the record support additional limitations in concentration, persistence, and pace, specifically, limiting [Plaintiff] to simple work with simple instructions and providing additional breaks and/or extra time and/or supervision to complete tasks …." *Id.* at 1073.

An individual's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) (if the claimant's case is at the ALJ hearing level, the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a). If substantial evidence supports the ALJ's RFC assessment, "the Court defers to that determination even in the face of substantial evidence supporting the opposite conclusion." *Vickers v. Comm'r of Soc. Sec.*, No. 20-1935, 2021 WL 4468414, at *4-5 (6th Cir. July 12, 2021) (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009)).

In formulating Plaintiff's mental RFC, ALJ Smiley considered the opinions of the state agency psychological consultants, Todd Finnerty, Psy.D., and Irma Johnston, Psy.D., and the opinions of two psychological consultative examiners, Valerie Budervic, Psy.D., and Susan Rowland, Ph.D., RN. (Doc. #8-2, *PageID* #s 49-53).

5

The ALJ found the opinions of Dr. Finnerty and Johnston to be "persuasive." (Doc. #8-2, *PageID* #51). Dr. Finnerty reviewed Plaintiff's records in July 2019. (Doc. #8-3, *PageID* #s 98-101). He found that she had no limitation in her abilities to understand, remember, or apply information and to interact with others and moderate limitations in her abilities to concentrate, persist, or maintain pace and to adapt or manage oneself. *Id.* at 98. Dr. Finnerty noted that although Plaintiff showed no difficulties in concentrating on tasks and was attentive during the consultative examination, she exhibits poor coping skills with increased stress. *Id.* at 101. Dr. Finnerty opined, "[d]ue to likely exacerbations of depressive symptoms with increased stress [Plaintiff] should perform tasks that are free of strict production demands." *Id*. Further, he found that Plaintiff was "[c]apable of adapting appropriately to changes in the work setting when charges are explained in advance." *Id.*

In December 2019, Dr. Johnston reviewed Plaintiff's mental health records. (Doc. #8-3, *PageID* #s 112-22). Although Dr. Johnston generally agreed with Dr. Finnerty's assessment, she found that Plaintiff was more limited. Specifically, she opined that Plaintiff's mood symptoms and personality traits impact her ability to interact with others. *Id.* at 120. She found that Plaintiff was "capable of at least occasional superficial interactions with others." *Id.* Further, Dr. Johnston opined that Plaintiff was "[c]apable of adapting appropriately to *infrequent* changes in the work setting, when changes are explained in advance." *Id.* (emphasis added).

The ALJ found the opinions of Dr. Finnerty and Johnston to be "persuasive" because their findings were "generally consistent with the evidence, including mental status examinations that showed depressed, anxious, or irritable mood and occasional tearful disposition, but were otherwise within normal limits." (Doc. #8-2, *PageID* #51). However, the ALJ concluded that

6

their opined limitation about strict production demands was inconsistent with the record, including Plaintiff's ability to correctly spell the word "world" forwards and backwards and perform both serial three calculations and basic computations correctly during consultative testing. *Id.* (citations omitted).

Substantial evidence does not support the ALJ's reason for rejecting Dr. Finnerty and Dr. Swain's opinion that Plaintiff should perform tasks that are free of strict production demands. Dr. Finnerty and Dr. Swain recognized that Plaintiff was able to concentrate on tasks and remain attentive during the consultative examination. (Doc. #8-3, *PageID* #s 101, 120). However, Dr. Finnerty and Dr. Swain explained that their opined limitation was based on Plaintiff's poor coping skills with increased stress. The evidence the ALJ points to as inconsistent with Dr. Finnerty and Dr. Swain's opinions does not relate to or otherwise address Plaintiff's ability to cope with stress. Thus, the evidence is not inconsistent with Dr. Finnerty and Dr. Swain's opinion.[4]

While an ALJ is under no obligation to mirror a medical opinion verbatim, she does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug.

---

[4] The undersigned notes that Dr. Johnston also opined that Plaintiff was capable of occasional *superficial* interaction with others. (Doc. #8-3, *PageID* #120). However, the ALJ limited Plaintiff to occasional interaction with supervisors and coworkers, and no interaction with the public. (Doc. #8-2, *PageID* #46). Although the ALJ found Dr. Johnston's opinion to be persuasive, the ALJ did not explain why she omitted Dr. Johnston's limitation to superficial interaction. *See Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-CV-00028, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020).

8, 2017) (Rice, D.J.); *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). In this case, the ALJ found Dr. Finnerty and Dr. Johnston's opinions to be persuasive but failed to include their limitation about strict production demands in Plaintiff's RFC. Substantial evidence does not support the ALJ's reason for rejecting their opinion. Accordingly, the undersigned finds that the ALJ failed to meaningfully explain why Dr. Finnerty and Dr. Johnston's opined limitation about strict production demands was not included in the RFC determination.

As noted above, the ALJ also addressed the other two opinions regarding Plaintiff's mental impairments and limitations. Dr. Budervic evaluated Plaintiff in June 2019. (Doc. #8-7, *PageID* #s 599-610). Dr. Budervic opined that Plaintiff could understand, remember, and carry out simple instructions, but she may need assistance, additional training, or supervision to remember and complete complex instructions. *Id.* at 609. She found that Plaintiff could sustain concentration and persist in work-related activities at a reasonable pace, and she could maintain effective social interactions with supervisors, coworkers, and the public. *Id.* at 609-10. Further, Dr. Budervic opined that Plaintiff "exhibits some limitations with her ability to deal with normal pressures in a competitive work setting and would benefit from learning and implementing appropriate coping strategies or being permitted to take additional short breaks while at work if mental health symptoms worsen while on the job." *Id.* at 610.

The ALJ found the opinion of Dr. Budervic to be "partially persuasive." (Doc. #8-2, *PageID* #52). The ALJ indicated that Dr. Budervic supported her opinion with her examination

findings and Plaintiff's reports. She found that Dr. Budervic's opinions regarding Plaintiff's ability to adapt or manage herself and sustain concentration and persist were consistent with the record. *Id.* However, the ALJ concluded that the remainder of Dr. Budervic's opinion was inconsistent with record. *Id.* Specifically, the ALJ found that Plaintiff's depressed, anxious, and irritable mood and occasional tearful disposition during examinations supported some limitation on Plaintiff's ability to interact with others at work. *Id.* In contrast, the ALJ concluded that "the evidence, including Dr. Budervic's own examination results, does not support a limit to understanding, carrying out, or remembering simple instructions. During Dr. Budervic's examination, [Plaintiff] recalled three out of three words immediately and after a delay. Further, other examinations found intact memory." *Id.* (internal citations omitted).

Plaintiff underwent a second consultative examination in October 2019, with Dr. Rowland. (Doc. #8-8, *PageID* #s 686-702). Dr. Rowland reported that "[r]apport was likely never established as a result of [Plaintiff's] disingenuous nature and flamboyant performance of her highly embellished anxiety, depression, and memory deficits." *Id.* at 685. She expressed concern that Plaintiff was fabricating symptomology for external gain. *Id.* at 698. Dr. Rowland opined that Plaintiff has the ability to understand, remember, and carry out simple instructions. *Id.* at 700. However, she may have difficulty with complex instructions, tasks of increasing complexity, and multi-step tasks. *Id.* Accordingly, Plaintiff "may … need additional training and supervision by having such tasks explained and shown to her. Furthermore, while she is able to complete basic tasks, she may require extra time to learn new tasks and will require supervision on the completion of those tasks." *Id.* Dr. Rowland opined that Plaintiff would not have difficulty sustaining concentration and persisting if working on simpler tasks or tasks she found interesting. *Id.* at 701.

9

She would likely have challenges with more complex tasks and would require extra time and supervision to complete such tasks. *Id.* Additionally, Plaintiff appears to have difficulty maintaining effective social interaction with supervisors, co-workers, and the public, and she might perform better in a job requiring limited interactions with people and the general public. *Id.* Dr. Rowland concluded that Plaintiff "would … benefit from learning appropriate coping strategies or being permitted to take additional short breaks while at work if mental health symptoms worsen while on the job." *Id.* at 702.

The ALJ found Dr. Rowland's opinion "somewhat persuasive." (Doc. #8-2, *PageID* #52). The ALJ noted that Dr. Rowland appeared to indicate the optimal work environment for Plaintiff, rather than offering an opinion regarding the work activity that she could perform. *Id.* at 53. Further, the ALJ found that Dr. Rowland's findings and opinions were of limited persuasiveness given her own assessment of Plaintiff's embellishment and likely malingering during the evaluation. *Id.* Additionally, the ALJ concluded that Dr. Rowland's opinion limiting Plaintiff to simple tasks was inconsistent with the evidence of record, which showed that Plaintiff exhibited good focus and had no difficulty correctly completing computations or serial threes. *Id.* (citations omitted).

Plaintiff contends that Dr. Budervic and Dr. Rowland's opinions support additional mental limitations in concentration, persistence, and pace. Although Plaintiff asserts that the ALJ improperly assessed her limitations in concentration, persistence, and pace, Plaintiff's arguments appear to be more closely related to Dr. Budervic and Dr. Rowland's opinions on Plaintiff's ability to understand, carry out, and remember instructions. As noted above, both Dr. Budervic and Dr. Rowland concluded that Plaintiff was able to understand, carry out, and remember simple

instructions, but would have difficulty with more complex instructions. (Doc. #8-7, *PageID* #609); (Doc. #8-8, *PageID* #700). Both Dr. Budervic and Dr. Rowland advised that Plaintiff may need assistance, additional training, or supervision to complete such tasks. *Id*. Dr. Budervic and Dr. Rowland pointed to similar evidence in support of their opinions. For example, they found that Plaintiff has below average intelligence. (Doc. #8-7, *PageID* #609); (Doc. #8-8, *PageID* #699) ("[Plaintiff's] intelligence is estimated to fall within the below average range based on her vocabulary, syntax, grammar, fund of knowledge, and responses that were posed as part of the mental status examination."). They also noted that she has a 12th grade education but did not graduate from high school. *Id.* She last worked in 2018, and her longest term of employment was two years. (Doc. #8-7, *PageID* #609); (Doc. #8-8, *PageID* #700). In addition, Dr. Budervic indicated that "mental status functioning revealed intact attention, concentration, and memory." (Doc. #8-7, *PageID* #609). She noted that Plaintiff struggled with math tasks but was able to understand Dr. Budervic and had good insight. *Id.* Dr. Rowland indicated that Plaintiff's recent and remote memory appeared intact during the examination, but Plaintiff "feigned impairments to her immediate and working memory." (Doc. #8-8, *PageID* #699). However, Plaintiff "evidenced one minor problem with working memory." *Id.* at 700. Specifically, Plaintiff was unable to perform a reverse digit span on five nonsequential numbers. *Id.*

As explained above, the ALJ rejected Dr. Budervic and Dr. Rowland's opinion that Plaintiff would have difficulty with understanding, remembering, and carrying out complex instructions for similar reasons.[5] (Doc. #8-2, *PageID* #s 52-53). She found their opinions

---

[5] The ALJ also discounted Dr. Rowland's opinion because of Plaintiff's "likely malingering." (Doc. #8-2, *PageID* #53). However, Dr. Budervic reached the same conclusion as Dr. Rowland and indicated that there were no obvious,

11

inconsistent with Plaintiff's ability to recall three of four words immediately and after a delay and to complete computations and serial threes. *Id.* The ALJ also found their opinion inconsistent with evidence that during other examinations, Plaintiff showed intact memory, attended throughout, and had no difficulty with focus. *Id.*

Substantial evidence does not support the ALJ's reasons for discounting Dr. Budervic and Dr. Rowland's opinion that Plaintiff would have difficulty with understanding, remembering, and carrying out complex instructions. The evidence relied upon the ALJ is not inconsistent with Plaintiff's ability to understand, remember, and carry out complex tasks. For example, Plaintiff's ability to remember three of four words is not necessarily indicative of her ability to understand, remember, and carry out *complex* instructions. Additionally, although the ALJ noted that Plaintiff was able to complete serial threes, the ALJ omitted that during both Dr. Budervic's and Dr. Rowland's evaluation, Plaintiff struggled with a serial subtraction seven test. (Doc. #8-7, *PageID* #607); (Doc. #8-8, *PageID* #697). Dr. Rowland opined that Plaintiff's inability to complete the serial seven task was "a function of an intellectual deficit …." (Doc. #8-8, *PageID* #697). Moreover, there is no indication that the ALJ considered Plaintiff's below average intelligence when rejecting Dr. Budervic and Dr. Rowland's opinions.

Ultimately, "the ALJ must build an accurate and logical bridge between the evidence and her conclusion." *Waye v. Comm'r of Soc. Sec.*, No. 1:18-CV-201, 2019 WL 364258, at *5 (S.D. Ohio Jan. 30, 2019) (Bowman, M.J.), *report and recommendation adopted*, No. 1:18CV201, 2019 WL 718542 (S.D. Ohio Feb. 20, 2019) (Dlott, D.J.). In the case, the ALJ failed to adequately

---

significant discrepancies between Plaintiff's statements, the collateral data, and Dr. Budervic's observations during her evaluation. (Doc. #8-7, *PageID* #608).

explain why she omitted limitations in understanding, remembering, and carrying out complex instructions in her assessment of Plaintiff's mental RFC. Based upon the foregoing, the undersigned concludes that substantial evidence does not support the ALJ's assessment of Plaintiff's mental RFC.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[6]

**B.  Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where

---

[6] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

13

the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #10) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

  5.  The case is terminated on the Court's docket.

<u>September 29, 2023</u>                      <u>*s/Peter B. Silvain, Jr.*</u>
                                               Peter B. Silvain, Jr.
                                               United States Magistrate Judge